[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17587
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-01630-AKK

JAKE MENDEL,
in his capacity as personal representative
of the estate of Thelma A. Mendel,
and in his capacity as trustee of the
Thelma A. Mendel Lifetime Trust,

                                                    Plaintiff-Appellant,

versus

MORGAN KEEGAN & COMPANY INC.,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 2, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

The Estate of Thelma A. Mendel and the Thelma A. Mendel Lifetime Trust suffered significant losses in connection with funds managed and sold by Morgan Keegan & Co.  An arbitration panel found that Morgan Keegan was at fault, but awarded the Estate and the Trust far less than they asked for.  Jake Mendel, as personal representative of the Estate and trustee of the Trust, is seeking to vacate that arbitration award.

I.

This case has a lengthy procedural history, so we refer to our earlier decision in this case, Mendel v. Morgan Keegan & Co., 654 F. App'x 1001 (11th Cir. 2016), for a more detailed discussion of the background facts.  Relevant to this appeal, Mendel's claims against Morgan Keegan were arbitrated by the Financial Industry Regulatory Authority.  Before the arbitration began, one of the arbitrators, John Allgood, disclosed that he was "of counsel" to the law firm Ford & Harrison, LLP.  He answered "no" to the question whether he "had any professional or social relationships with any party in this proceeding or the firm for which they work."

After the allegedly too-low arbitration award was announced, Mendel discovered that Allgood's firm had represented Morgan Keegan in unrelated matters.  Based on that information, Mendel brought a lawsuit in Alabama state court.  He contended that the award should be vacated under section 10(a)(2) of the

2

Federal Arbitration Act, 9 U.S.C. § 10(a)(2), which provides for vacatur "where there was evident partiality" on the part of an arbitrator.[1]

Morgan Keegan removed the case to federal court based on diversity jurisdiction.  See 28 U.S.C. § 1332(a).  Once the case was before it, the federal district court established a discovery period running from October 28, 2013, to January 28, 2014.  About a month into that discovery period, the district court issued an order explaining that this Court's decision in Gianelli Money Purchase Plan & Trust v. ADM Investor Services, Inc., 146 F.3d 1309, 1312–13 (11th Cir. 1998), holds that a plaintiff in a nondisclosure case must "provide evidence, whether direct or circumstantial, that the arbitrator had actual knowledge of the undisclosed fact."  The court concluded that Mendel's claim necessitated an evidentiary hearing, which it set for February 2014.

But based on representations by Mendel that he was "now entitled to summary judgment on the materials already before the court, and that there [was] no need to supplement those materials," the district court canceled the scheduled evidentiary hearing and permitted the parties to file motions for summary judgment.  Both parties did so.  While considering those motions, the district court

---

[1] Mendel also initially cited section 6-6-14 of the Alabama Code as a basis for vacatur. But he did not press any argument based on that section in his earlier appeal to this Court, and his briefs in the current appeal make only passing references to the statute.  As a result, he has abandoned any argument related to section 6-6-14.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681–82 (11th Cir. 2014) (holding that a party abandons a claim when it fails to "plainly and prominently" raise it and an issue can be abandoned where only "passing references appear in the argument section of an opening brief").

decided to hold the case until the Supreme Court of Alabama issued its decision in Municipal Workers Compensation Fund, Inc. v. Morgan Keegan & Co.  The court explained that the Municipal Workers decision would be helpful "[b]ecause of the significant similarities between that case and this case, and because the law of Alabama is extremely important to the outcome of this case."

The Supreme Court of Alabama issued that decision on April 3, 2015.  See Mun. Workers Comp. Fund, Inc. v. Morgan Keegan & Co., 190 So. 3d 895 (Ala. 2015).  The court held that a plaintiff may prevail on a claim of "evident partiality" under § 10(a)(2), "even though an arbitrator lack[ed] actual knowledge of the facts giving rise to the conflict of interest," if "the arbitrator was under a duty to investigate in order to discover possible conflicts and failed to do so."  Id. at 923.

Based on that holding, the district court in this case determined that Alabama law required vacating the arbitration award.  Morgan Keegan appealed and this Court held that the district court erred in deferring to the Municipal Workers holding because federal courts "are not bound by a state court's interpretation of federal law," including § 10(a)(2).  Mendel, 654 F. App'x at 1003–04.  We explained that the district court should have applied the rule announced in our Gianelli decision that "[t]he arbitrator must actually know of the potential conflict — failure to investigate for potential conflicts is insufficient to show evident partiality."  Id. at 1003 (citing Gianelli, 146 F.3d at 1312).

4

On remand Mendel argued that he was entitled to conduct discovery so that he could obtain evidence that would satisfy the Gianelli rule. The district court disagreed and instead granted Morgan Keegan's motion for summary judgment.

## II.

Mendel contends that the district court erred in not allowing him to conduct discovery before entering summary judgment in favor of Morgan Keegan. "We review district court decisions concerning discovery only for an abuse of discretion." Artistic Entm't, Inc. v. City of Warner Robins, 331 F.3d 1196, 1202 (11th Cir. 2003) (reviewing the denial of a motion to reopen discovery for abuse of discretion). "District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential." Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996).

As we have noted, the district court provided Mendel with a three month discovery period from October 2013 to January 2014. Mendel did not use that time to seek evidence that Allgood actually knew of the potential conflict. Nor did he ask the district court to extend the period so that he could continue gathering evidence. He argues now that he failed to do so because he had assumed that the Municipal Workers holding controlled his case, so he did not need to prove "knowing non-disclosure, an actual conflict or actual bias."

5

That argument falls flat.  The district court explained in an order in the middle of the discovery period that Mendel was going to need to "provide evidence . . . that the arbitrator had actual knowledge of the undisclosed fact."  It derived that requirement from <u>Gianelli</u>, the same decision that this Court later held governed this case.  Mendel may not have agreed that this case was controlled by the <u>Gianelli</u> decision, but it was unreasonable for him not to conduct discovery based on the law that the district court had told him applied.

The district court did (erroneously) conclude that the <u>Municipal Workers</u> standard controlled, but it came to that conclusion long after the discovery period had ended.  And Mendel could not have relied on the <u>Municipal Workers</u> holding during discovery because that decision was not issued until more than a year after discovery closed.  Events after the discovery period ended cannot excuse Mendel's inaction during the discovery period.  Mendel does not get a chance to do now what he should have done during the discovery period.  The district court's refusal to reopen discovery was not an abuse of discretion.[2]

**AFFIRMED.**

---

[2] Mendel also contends that the <u>Municipal Workers</u> holding should control this case and that this Court's "evident partiality" standard is inconsistent with Supreme Court caselaw.  Those contentions are foreclosed by law of the case doctrine and prior panel precedent, so he requests en banc review of them "at the outset."  Mendel's request for en banc review, which is incorporated into his opening panel brief, does not comply with Federal Rule of Appellate Procedure 35 or Eleventh Circuit Rules 35-1 and 35-5.  As a result, we will not consider it.  In any event, a panel does not have the authority to grant hearing en banc.  Nothing prevents Mendel from filing a petition for rehearing en banc that complies with the rules.